UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ABOLGHASSENI ALIZADEH,<br><br>Defendant. | No. 2:15-CR-00087-MCE<br><br><br><br>**ORDER** |

Defendant Abolghasseni Alizadeh ("Defendant") pled guilty to Wire Fraud in violation of 18 U.S.C. § 1343, Bank Fraud in violation of 18 U.S.C. § 1344, and making a False Statement to a Federally Insured Institution in violation of 18 U.S.C. § 1014. He was sentenced on June 1, 2018, to fifty-six (56) months of imprisonment and was ordered to pay $15,387,945.61 in restitution. Presently before the Court is Defendant's Motion for Compassionate Release. ECF No. 135. The Government opposes Defendant's request. ECF No. 139. For the reasons that follow, his Motion is DENIED.

Defendant contends that "extraordinary and compelling circumstances" exist such that he should be released prior to his current anticipated release date in September 2021. More specifically, according to Defendant, "[he] is a 61-year old man who suffers from several medical conditions that put him at high risk of serious illness or death

should he contract COVID-19." Mot. at 1.[1]  "[Defendant] suffers from several conditions that place him at high risk from COVID-19."  Id. at 2.  "These conditions include high blood pressure, an enlarged prostate, obesity and pre-diabetes."  Id.  "During his time in prison he has been treated with a variety of medications to address his health conditions: amlodipine for high blood pressure, tamsulosin and finasteride to treat enlarged prostate with lower urinary tract symptoms (BPH), oxcarbazepine and ibuprofen to treat Sciatica and chronic pain in his hip and ibuprofen for the risk of heart and blood vessel problems like heart attack and stroke and buspirone to treat anxiety."  Id.  Even having considered Defendant's medical issues, however, the Court concludes that Defendant's release would be inappropriate.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."  Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original; quoting 18 U.S.C. § 3582(b)).  Those circumstances are delineated in 18 U.S.C. § 3582(c).  "Effective December 21, 2018, the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to permit an inmate, who satisfies certain statutorily mandated administrative procedures, to file a motion with the district court for compassionate release."  Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).  That statute now provides:

> **(c) Modification of an imposed term of imprisonment**.—
> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved

---

[1] Defendant is now 62 years old.  Mot. at 1 n.1.

2

>portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>(i) extraordinary and compelling reasons warrant such a reduction;
>
>. . . .
>
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive gatekeeper role for such motions." Riley, 2020 WL 1819838, at *5. "The statute now provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met: (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement." Id. (footnote omitted).

The starting point for the policy statement referenced in the third prong is United States Sentencing Guidelines ("USSG") § 1B1.13, which provides:

>[T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
>(1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
>(B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

///

>    (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>    (3) The reduction is consistent with this policy statement.

Since Defendant is less than 70 years old and was not sentenced pursuant to 18 U.S.C. § 3559(c), he is only "entitled to relief if he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a danger to the safety of others or the community, and (3) any requested reduction is consistent with the policy statement." Riley, 2020 WL 1819838, at *6.

"The Sentencing Commission's application notes to this policy statement provide further guidance." Id. Indeed, the notes explain that "extraordinary and compelling reasons" exist when:

>    (A) Medical Condition of the Defendant.
>
>    . . . .
>
>    (ii) The defendant is—
>
>       (I) suffering from a serious physical or medical condition,
>
>       (II) suffering from a serious functional or cognitive impairment, or
>
>       (III) experiencing deteriorating physical or mental health because of the aging process,
>
>    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis added).

Here, Defendant contends he suffers from serious physical or medical conditions that make him particularly vulnerable to COVID-19 such that he qualifies for release. The burden is on Defendant. United States v. Holden, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020). He has not met that burden here.

After considering all of the circumstances of this case, including the factors under 18 U.S.C. § 3553(a), the Court absolutely agrees with the Government that, even

assuming Defendant's medical conditions were sufficient to qualify him for consideration for release, which the Court does not address, such release would be inappropriate both under 3553(a) and because Defendant is a danger to the community.

This Defendant orchestrated one of the biggest and most comprehensive fraud schemes the Court has ever seen, and the Court is not at all persuaded that, when released, Defendant will avoid his prior ways, especially since his legitimate means of generating income are now even more limited post-conviction.  Moreover, as the Government points out, Defendant's scheme was "carefully concocted" by Defendant, who was "one of the wealthiest people in this district at the time" in an effort to "become even wealthier."  Gov. Opp. at 10.  "While constructing a massive home in Granite Bay along with its Venetian inspired canals, [Defendant] repeatedly lied and manipulated the loan and escrow process in his commercial real estate dealings to increase his personal riches through tens of millions of dollars in fraudulently obtained loans."  Id.  "When his scheme fell apart, the commercial properties [Defendant] used to carry out the scheme were left littered across the local landscape vacant and half-built for years."  Id.  "As a result, the nature and circumstances of the offense simply do not merit a reduction of the defendant's sentence."  Id.  Finally, Defendant has served relatively little time considering the extent of this crime, and he still owes an extraordinary amount of restitution.  The need to deter this Defendant and the public from engaging in similar criminal conduct is paramount here.

Having found that Defendant is a danger to the community and having considered all of the factors set forth in 18 U.S.C. § 3553(a), the Court thus concludes that release would be inappropriate.  Defendant's Motion for Compassionate Release (ECF No. 135) is DENIED.

IT IS SO ORDERED.

Dated:  October 16, 2020

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE